In the Matter of the Estate of MARIAN CANNON DUNCAN, Deceased.

Surrogate's Court, New York County, January 8, 1937.

*Mitchell, Taylor, Capron & Marsh* for the City Bank Farmers Trust Company, petitioner.

*Root, Clark, Buckner & Ballantine* [*Frank G. Longnecker* of counsel], for LeGrand B. Cannon, respondent.

DELEHANTY, S. Deceased's will dated in 1927 describes her as "of the City of New York." She died in December, 1935, in France. Her will was probated in England. By its terms she appoints as her executors her brother and a trust company of this city. The latter is disqualified under English law to take letters

testamentary issued by an English court. The former executed and caused to be filed in the English court an instrument which, among other things, said: " I hereby renounce all my right and title to the probate and execution of the said will." The English court appointed an administrator with the will annexed.

An application is now made in this court for ancillary letters of administration with the will annexed. The English administrator has designated a trust company of this State to receive the ancillary letters. The question presented is whether or not the brother of deceased named in her will is entitled to ancillary letters as well as the designated trust company.

Section 161 of the Surrogate's Court Act provides for the issuance of ancillary letters to one whom " the will specially appoints * * * with respect to personal property situated within the State." The section goes on to provide that in case such special appointment is not made ancillary letters are to issue as thereafter prescribed in the section. The designation of the local trust company is exclusive and it alone has the right to ancillary letters unless the tenor of deceased's will constitutes a special designation of the brother of deceased with respect to the personal property situated within this State.

The court holds that the will constitutes no special designation whatever. The question here presented is solely one of the issuance of ancillary letters. The will contemplates an administration of the estate wherever situated by the nominated executors. It does not in any sense segregate the property of the deceased. It does not deal with the New York State property of the deceased separately from the rest of her property for administration purposes. It does not in other words specially designate anybody as the executor of the property in this State. Accordingly, the court holds that the further provisions of section 161 of the Surrogate's Court Act are controlling and that the sole designation of the local trust company is effective. Ancillary letters will issue to it. Submit, on notice, decree accordingly.